FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

2013 JUL 23  A II: 14

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

JAMES ELLIS III, *on behalf of himself*
*and all similarly situated individuals*

      Plaintiff,

v.

SWIFT TRANSPORTATION CO.
OF ARIZONA, LLC

    SERVE:    National Registered Agents, Inc.
                4701 Cox Road, Suite 301
                Glen Allen, VA 23060

          Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.

3:13CV 473

## CLASS COMPLAINT

COMES NOW the Plaintiff, James Ellis III ("Ellis"), on behalf of himself and all similarly situated individuals, by counsel, and as for his Class Complaint against the Defendant, he alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a class action on behalf of consumers who were the subject of background reports obtained by Swift Transportation Company of Arizona, LLC ("Swift") as a precondition of employment with Swift during the five-year period preceding the filing of this action (the "Class Period") seeking remedies under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

## JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

## PARTIES

3.     The Plaintiff is a natural person, and at all times relevant hereto was a "consumer" as defined by the FCRA, at 15 U.S.C. § 1681a.

4.     Defendant Swift Transportation Co. of Arizona, LLC ("Swift") is a foreign limited liability company doing business in Virginia. At all times relevant hereto, Swift was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

## STATEMENT OF FACTS

5.     In or around mid-2012, Plaintiff applied for a commercial truck driver position with Swift. Plaintiff submitted his application online.

6.     On or around May 15, 2012, Swift procured Plaintiff's background report from HireRight Solutions, Inc. ("HireRight"), a consumer reporting agency as defined by 15 U.S.C. § 1681a, without proper authorization from the Plaintiff.

7.     More specifically, Swift did not advise the Plaintiff prior to its procurement of his consumer report, that he could receive a free copy of the consumer report within 60 days, and that he could dispute the accuracy or completeness of any information contained within the consumer report with the consumer reporting agency.

8.     Without proper authorization from the Plaintiff, Swift ordered a criminal background report regarding Plaintiff from HireRight.

9.     Immediately after receiving the subject background report, Swift took adverse action against the Plaintiff by determining to disqualify him from further consideration for employment based upon the information in the retrieved criminal background report.

10.     At no time did Swift provide Plaintiff with the notice required by the Fair Credit Reporting Act within three business days of taking the adverse action, including, for example, (i)

2

that an adverse action had been taken based in whole or in part on the consumer report, (ii) the name, address and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and was unable to provide the consumer with specific reasons why the adverse action was taken, or (iv) that the Plaintiff could request a free copy of the report and dispute the accuracy or completeness of the report with the consumer reporting agency.

11.     Since at least 2006, Swift has purchased consumer reports, including criminal background reports, from consumer reporting agencies trafficking in the reputations of America's workforce, which are used as a basis for taking adverse action against job applicants.

12.     Swift does not provide or obtain an appropriate disclosure and authorization from job applicants as required by 15 U.S.C. § 1681b(b)(2) prior to acquiring these criminal background reports.

13.     Further, Swift does not provide the "pre-adverse action notice" to job applicants as required by 15 U.S.C. § 1681b(b)(3).

14.     Swift's violations of the FCRA have been willful, wanton and reckless in that Swift knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

15.     The FCRA permits a consumer to recover statutory and punitive damages, along with attorneys' fees and costs for willful violations of its provisions.

## CLASS ACTION ALLEGATIONS

16.     Pursuant to Federal Rules of Civil Procedure 23, Plaintiff brings this action individually and on behalf of a class initially defined as follows ("the § 1681b(b)(2) Class"):

Consumers residing in the Virginia, North Carolina, South Carolina,

3

Maryland or West Virginia (the "Fourth Circuit") who applied for a Department of Transportation regulated position with Swift via facsimile, an internet website, electronic mail, regular mail, or through a third party with the limitations period prescribed by 15 U.S.C. § 1681p, and during the application process, Swift procured a consumer report, which report was obtained by Swift before there had been at least one direct telephone or in-person interaction with the consumer, without first obtaining verbal, written or electronic authorization to procure a consumer report, and directly providing the consumer with notice of their right to obtain a free copy of a consumer report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

17.   Plaintiff also brings this action individually and on behalf of a class initially defined as follows ("the § 1681b(b)(3) Class"):

Consumers residing in the Fourth Circuit who applied for a Department of Transportation regulated position with Swift via facsimile, an internet website, electronic mail, regular mail, or through a third party with the limitations period prescribed by 15 U.S.C. § 1681p, and against whom Swift took adverse action based in whole or in part on information contained in a consumer report without providing to the consumer within 3 business days of taking the adverse action, verbal, electronic or written notice that: (1) the adverse action was taken based in whole or in part on the consumer report, (2) the name, address, and telephone number of the consumer reporting agency, (3) that the consumer reporting agency did not make the decision to take adverse action and would be unable to provide the consumer with specific reasons why the adverse action was taken, (4) that the consumer could request a free copy of the report, and (5) that the consumer can dispute the accuracy or completeness of the report, as required by § 1681b(b)(3)(B).

18.   **Numerosity.** Plaintiff alleges that the Class members are so numerous that joinder of all members is impracticable. Upon information and belief, the classes exceed 10,000 members. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

19.   **Existence and Predominance of Common Questions of Law and Fact.**

4

Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including, among other things:

      a.     Whether Swift's standard procedure violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide the consumer with verbal, electronic, or written notice of a right to obtain a free copy of a consumer background report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency;

      b.     Whether Swift's standard procedure violated 15 U.S.C. § 1681b(b)(2)(B)(ii) by failing to obtain verbal, electronic or written consent to procure a consumer report;

      c.     Whether Swift, within three business days of taking adverse action, provided oral, written or electronic notification to the consumer that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency as required by § 1681b(b)(3)(B)(i)(I);

      d.     Whether Swift, within three business days of taking adverse action, provided oral, written or electronic notification to consumer that of the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) as required by § 1681b(b)(3)(B)(i)(II);

      e.     Whether Swift, within three business days of taking adverse action, provided oral, written or electronic notification to consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; as required by § 1681b(b)(3)(B)(i)(III);

f.      Whether Swift, within three business days of taking adverse action, provided oral, written or electronic notification to consumer that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report as required by §1681b(b)(3)(B)(i)(IV);

g.      Whether Swift, within three business days of receiving a consumer's request for a copy of a consumer report from the person who procured the report, together with proper identification, provides the consumer a copy of a report and a copy of the consumer's rights as prescribed by the Federal Trade Commission under § 1681g(c)(3) of this Fair Credit Reporting Act as required by §1681b(b)(3)(B)(ii);

h.      Whether Swift's failure to comply with the FCRA was willful as to the Plaintiff and the Class; and

i.      The appropriate amount of statutory and/or punitive damages that are appropriate for such a violation.

20.     **Typicality**. Plaintiff's claims are typical of the claims of the other Class members as all Class members were similarly affected by Swift's unlawful conduct in violation of the FCRA. Upon information and belief, Defendant's employment application packet is standardized and used for all applicants during the full class period. Additionally, upon information and belief, it is Defendant's standard hiring practice to obtain and rely on consumer reports for employment purposes, refusing to hire applicants without giving them any advance notice of the adverse action, without first providing them with a copy of their consumer report, and without providing them with a summary of their rights under the FCRA before taking the adverse action. For purposes of class certification only, Plaintiff seeks only statutory and punitive damages. Plaintiff

would seek individual or actual damages only if class certification is denied. In addition, Plaintiff is entitled to the relief under the same causes of action as the other members of the Class.

21.     **Adequacy.** Plaintiff will fairly and adequately protect the interest of the Class members and has retained counsel competent and experienced in handling actions involving unlawful practices against consumers as well as complex class-action litigation. Plaintiff is a member of the Class and neither Plaintiff nor his counsel has any interest antagonistic to or in conflict with the members of the Class he seeks to represent. Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

22.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.     As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers whom Defendant refused to hire or terminated employment based on a consumer report without complying with the

requirements of the FCRA are likely unaware of their rights under the law or of who they could

find to represent them in federal litigation. Individual litigation of the uniform issues in this case

would be a waste of judicial resources as well. The issues at the core of this case are class wide

and should be resolved at one time.  One win for one consumer would set the law for every

similarly situated consumer.

**COUNT ONE: VIOLATION OF 15 U.S.C. § 1681b(b)(2)**
**Class Claim**

23.      Plaintiff restates each of the allegations in the preceding paragraphs as if set forth

at length herein.

24.      The Defendant willfully violated 15 U.S.C. § 1681b(b)(2), for example and

without limitation, as to the Plaintiff and the class by failing to notify non-in-person applicants

by oral, written, or electronic means, that a consumer report may be obtained for employment

purposes and that such applicants may obtain a free copy of the consumer report within 60 days

and dispute the accuracy or completeness of the information contained in the consumer report

directly with the consumer reporting agency.

25.      The Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(B)(ii) by failing to

obtain the applicants' oral, written or electronic consent prior to procuring a consumer report for

employment purposes.

26.      Plaintiff and the Class members seek statutory damages for these violations

pursuant to 15 U.S.C. § 1681n(a)(1)(A).

27.      Plaintiff and the Class members also seek punitive damages for these violations

pursuant to 15 U.S.C. § 1681n(a)(2).

28.      In the alternative, the Defendant's violations were negligent and Plaintiff and the

8

Class members are entitled to statutory damages pursuant to 15 U.S.C. § 1681o.

## COUNT TWO: VIOLATION OF 15 U.S.C. § 1681b(b)(3)
### Class Claim

29.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

30.     The Defendant willfully violated 15 U.S.C. § 1681b(b)(3), for example and without limitation, by taking adverse action against non-in-person applicants based in whole or in part upon consumer reports without providing verbal, electronic or written notice to such applicants within 3 business days of taking the adverse action (i) that adverse has been taken based in whole or in part on the consumer report, (ii) the name, address and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken, (iv) that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report.

31.     Plaintiff and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

32.     Plaintiff and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

33.     In the alternative, the Defendant's violations were negligent and Plaintiff and the Class members are entitled to statutory damages pursuant to 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff and the putative class demand judgment for statutory and punitive damages against the Defendant; for attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable,

and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**JAMES ELLIS III**, *on behalf of
himself and of all similarly situated individuals*

By:_____
Of Counsel

Matthew J. Erausquin, VSB No. 65434
Janelle Mason Mikac, VSB No. 82389
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    (703) 273-7770
Fax:    (888) 892-3512
matt@clalegal.com
janelle@clalegal.com
casey@clalegal.com

Leonard A. Bennett, VSB No. 37523
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel:    (757) 930-3660
Fax:    (757) 930-3662
lenbennett@clalegal.com