## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

JAMES ELLIS, III,                                      :
DWIGHT D. BRINSON,                                     :
MARLIN L WILLIAMS,                                     :
SHERMAN M. KIER,                                       :
ERNEST SHIPMAN,                                        :
TANIA S. CHAPMAN,                                      :
ERIC S. JONES,                                         :
EUGENE MARSHALL,                                       :
on behalf of themselves and all similarly             :    Civil Action No. 3:13-cv-473
situated individuals                                  :
                                                       :
             Plaintiffs,                               :
                                                       :
v.                                                     :
                                                       :
SWIFT TRANSPORTATION CO.                               :
OF ARIZONA, LLC                                        :
                                                       :
             Defendant.                                :

### PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the court on a Consent Motion for Preliminary Approval of Class

Action Settlement by the Plaintiffs, James Ellis, III, Dwight D. Brinson, Marlin L. Williams,

Sherman M. Kier, Ernest Shipman, Tania S. Chapman, Eric S. Jones, and Eugene Marshall,

("Plaintiffs" or "Class Representatives"), with the consent of the Defendant, Swift

Transportation Co. of Arizona, LLC ("Defendant") (jointly referred to as the "Parties").  The

Parties have submitted a Stipulation of Settlement Agreement and Release ("Stipulation") that

the court has reviewed, and finds that it is just and proper that the Stipulation be approved.

Based upon the Stipulation, the record and exhibits herein, and it appearing to the court

that upon preliminary examination, that the proposed settlement appears to be fair, reasonable,

and adequate, and that a hearing on the matter should and will be held on  October 6 , 2014,

at   11:00   a.m./p.m., after notice to the Class Members, to confirm that the proposed

settlement is fair, reasonable, and adequate, and to determine whether a Final Order and

Judgment should be entered in this Lawsuit:

It is hereby ORDERED:

1.      The court finds that it has jurisdiction over the subject matter of the Lawsuit and

over all settling parties hereto.

2.      **Class Members of Rule 23(b)(3) Class** – Pursuant to Fed. R. Civ. P. 23(b)(3),

the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on

behalf of the following class of plaintiffs:

> All consumers residing in the United States who applied for employment in a
> Department of Transportation regulated position with Swift via facsimile,
> telephone, an internet website, electronic mail, regular mail, or through a third
> party from July 23, 2008 through September 30, 2012, and as to whom Swift
> procured a criminal background, motor vehicle history report, or Consumer
> Report, which report was obtained by Swift before there had been at least one in-
> person interaction with the consumer.

The Settlement Class is divided into two groups:

> "Group I Class Members" means the members of the Settlement Class who
> applied for a Department of Transportation regulated position with Swift between
> July 23, 2008 and July 22, 2011.

> "Group Two Class Members" means the members of the Settlement Class who
> applied for a Department of Transportation regulated position with Swift between
> July 23, 2011 and September 30, 2012.

There are approximately 161,000 Class Members, including approximately 48,000 Group I Class

Members and approximately 113,000 Group II Class Members.

4.      **Class Representative and Class Counsel** – Pursuant to Fed. R. Civ. P. 23, the

Court preliminarily certifies Plaintiffs James Ellis, III, Dwight D. Brinson, Marlin L. Williams,

Sherman M. Kier, Ernest Shipman, Tania S. Chapman, Eric S. Jones, and Eugene Marshall as the

Class Representatives.  The Court preliminarily appoints Leonard A. Bennett, Matthew J.

Erausquin, Janelle Mason Mikac, and Casey S. Nash of Consumer Litigation Associates, P.C.,

and Matthew A. Dooley and Anthony R. Pecora of O'Toole McLaughlin Dooley & Pecora Co.

LPA as Class Counsel.

     5.    **Preliminary Class Certification of the Settlement Class** –The Court preliminarily

finds that the Lawsuit and the Settlement Class satisfy the applicable prerequisites for class action

treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

> A.  The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

> B.  There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

> C.  The claims of the class representatives are typical of the claims of the Settlement Class Members;

> D.  The class representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Rule 23(b)(3) Settlement Class Members; and

> E.  The Court finds that as to this Rule 23(b)(3) Settlement Class, Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

     8.    If the proposed Stipulation is not finally approved, is not upheld on appeal, or is

otherwise terminated for any reason, the Settlement Class shall be decertified; the Stipulation and all

negotiations, proceedings, and documents prepared, and statements made in connection therewith,

shall be without prejudice to any party and shall not be deemed or construed to be an admission or

confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the

same procedural position as if the Stipulation had not been negotiated, made, or filed with the Court.

     9.    **The Class Action Settlement Administrator** – Class Counsel will appoint

McGladrey, LLP as the Class Action Settlement Administrator (the "Settlement Administrator")

to administer the terms of the Settlement and the notification to Class Members. Defendant or its

agent shall compile a Class List and provide it to the Settlement Administrator. The cost to print and mail the Class Notices shall be paid from the the Settlement Amount.  The Settlement Administrator will be responsible for mailing the approved class action notices to the Class Members.  Within thirty (30) days of the entry of this Order, Defendant shall cause a total payment of Four Million Three Hundred Twenty-Five Thousand Dollars ($4,400,000.00) ("Settlement Amount") to be deposited into an escrow account or equivalent account at Towne Bank opened specifically for the purpose of this Litigation.

   10. **Notice** – The court approves the form and substance of the written Notice of Class Action Settlement, attached to the Stipulation of Settlement Agreement and Release as Exhibits "A" and "B".  The proposed form and method for notifying the Class Members of the settlement and its terms and conditions satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Stipulation, the Settlement Administrator shall cause the completed notices to be mailed to the Class Members as expeditiously as possible, but no later than sixty (60) calendar days after the Court's entry of this Order.

   11. Attendance at the Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing. The Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members. Class Members shall be given the opportunity to object to or opt out of the class

settlement.  All objections to the settlement and requests to be excluded from the class settlement must be in writing, sent to the Settlement Administrator and postmarked not later than sixty (60) days after the date of the class notice.  Additional objections to Class Counsel's motion for attorneys' fees and costs and the class representatives' service awards only will be permitted for seven days after Class Counsel's filing of their motion.   To be valid, a request for exclusion from the Class must the Class Member's original signature, current postal address and a specific statement that the Class Member wants to be excluded from the Settlement Class.  No person within the Class, or any person acting on behalf of or in concert or participation with that person, may exclude any other Class Member from the settlement.

12.     Submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing.

13.     The Stipulation and this Order shall be null and void if any of the conditions in Paragraphs Section 9.1, 9.2, 9.3 or 9.4 are met.

14.     If the Stipulation and/or this Order are voided per Paragraph 13 of this Order, then the Stipulation shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Stipulation had never been executed and this Order never entered.

15.     **Final Approval** – the Court shall conduct a hearing (the "Fairness Hearing") on October 6, 2014, at 701 E. Broad Street, Richmond, Virginia 23219, Courtroom 6000, commencing at 11:00 a.m; to review and rule upon the following issues:

a.     Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

       b.     Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

       c.     Whether the Final Order and Judgment, as provided under the Stipulation, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

       d.     To discuss and review other issues as the Court deems appropriate.

     16.    The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Stipulation.

     It is so ORDERED.

                                 /s/

                          John A. Gibney, Jr.
                          United States District Judge

Richmond, Virginia                  John A. Gibney
May  21, 2014                 United States District Judge