IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES ELLIS, III, *et al.*, *on behalf of themselves and* :
*all similarly situated individuals* :
:
Plaintiffs, :
:
v. : Civil Action No. 3:13-cv-473
:
SWIFT TRANSPORTATION CO. :
OF ARIZONA, LLC :
:
Defendant. :

## **FINAL ORDER AND JUDGMENT**

On July 23, 2013, James Ellis, III commenced the lawsuit styled *James Ellis, III, on behalf of himself and all similarly situated individuals v. Swift Transportation Co. of Arizona, LLC* by filing a Class Complaint in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:13-cv-473-JAG ("Lawsuit"), alleging that Swift Transportation Co. of Arizona, LLC ("Swift" or "Defendant") failed to comply with the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), including the disclosure procedures set forth in 15 U.S.C. § 1681b when it obtained consumer reports for employment and used such reports to take adverse action against job applicants. (Doc. 1.) Swift filed its Answer to the Class Complaint on August 27, 2013 denying the allegations therein, including denying all allegations that it did not comply with applicable provisions of the FCRA, denying that the action was suitable for certification pursuant to Federal Rule of Civil Procedure 23, and asserting 23 affirmative and other defenses that Defendant contends are meritorious notwithstanding its willingness to enter into the Settlement Agreement. (Doc. 4) On February 21, 2014, Plaintiff Ellis filed an Amended Complaint, which added additional class

representatives. (Doc. 25.) Due to pending settlement discussion, Swift was not obligated to answer the First Amended Complaint unless a settlement was not reached. (Doc. 29).

Swift has denied any and all liability alleged in the Lawsuit.

After extensive arm's-length negotiations, discovery, and mediation over the course of several months under the supervision of a private mediator, Plaintiffs and Swift (jointly referred to as the "Parties") entered into a Settlement Agreement and Release ("Agreement") that is subject to review under Federal Rule of Civil Procedure 23.

On April 21, 2014, the Parties filed the Agreement, along with a Joint Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"). (Doc. 36, 36-1).

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.*, Swift served written notice of the proposed Class Settlement on the United States Attorney General and the Attorneys General of all 50 states and the District of Columbia.

On May 21, 2014, upon consideration of the Agreement and the Preliminary Approval Motion, and having held a hearing to consider the Motion, the Court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). (Doc. 39.) Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified the class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed Agreement; (iii) approved Plaintiffs as Class Representatives; (iv) authorized the Parties to retain McGladrey LLP to serve as third party administrator ("Settlement Administrator"); (v) appointed as Class Counsel Leonard Bennett, Matthew Erausquin, Janelle Mason Mikac, and Casey Nash of Consumer Litigation Associates, P.C. and Matthew A. Dooley and Anthony R. Pecora of

O'Toole, McLaughlin, Dooley & Pecora, Co. LPA; and (vi) set the date and time of the Final Approval Hearing to be October 6, 2014..

On September 29, 2014, Plaintiffs filed an unopposed Motion for Final Approval of Class Settlement, Incentive Award and Attorney's Fees. (Doc. ___.) ("Plaintiff's Final Approval Motion").

October 6, 2014, a hearing was held pursuant to Federal Rule of Civil Procedure 23 to determine whether the Lawsuit satisfies the applicable requirements for class action treatment and whether the proposed Settlement is fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the Settlement Classes under Fed. R. Civ. P. 23(b)(3) and final approval of the Settlement under Fed. R. Civ. P. 23(e).

The Court has read and considered the Agreement, Plaintiff's Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Final Order and Judgment incorporates by reference all definitions contained in the Agreement, and all terms used herein shall have the same meaning as set forth in the Agreement. The Agreement shall be deemed incorporated herein.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling Parties for purposes of this litigation.

3. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following Class

Members with respect to the claims asserted in the Lawsuit and is composed of the following Class:

> All consumers residing in the United States who applied for employment in a Department of Transportation regulated position with Swift via facsimile, telephone, an internet website, electronic mail, regular mail, or through a third party from July 23, 2008 through September 30, 2012, and as to whom Swift procured a criminal background, motor vehicle history report, or Consumer Report, which report was obtained by Swift before there had been at least one in person interaction with the consumer.

The Settlement Class is divided into two groups:

> "Group One Class Members" means the members of the Settlement Class who applied for a Department of Transportation regulated position with Swift between July 23, 2011 and September 30, 2012.

> "Group Two Class Members" means the members of the Settlement Class who applied for a Department of Transportation regulated position with Swift between July 23, 2008 and July 22, 2011.

4. There are 180,998 Class Members, including 54,898 Group One Class Members and 126,100 Group Two Class Members.

5. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiffs as Class Representatives and appoints Leonard Bennett, Matthew Erausquin, Susan Rotkis, and Casey Nash of Consumer Litigation Associates, P.C. and Matthew A. Dooley and Anthony R. Pecora of O'Toole, McLaughlin, Dooley & Pecora, Co., LPA as Class Counsel.

6. **NOTICES AND CLAIM FORMS** – Pursuant to the Court's Preliminary Approval Order, the approved Notices were mailed, along with a claim form if required under the terms of the Agreement. The form and method for notifying the Class Members of the Settlement and its terms and conditions were in conformity with the Court's Preliminary

Approval Order, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court further finds that the Notices were clearly designed to advise the Class Members of their rights and clearly and concisely state, in plain, easily understood language, all features of the Lawsuit and Settlement set forth in Fed. R. Civ. P. 23(c)(2)(B).

7. **FINAL CLASS CERTIFICATION** – The Court finds that the Settlement Classes satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely the Court finds that, for each Settlement Class:

   a. The Settlement Class Members are so numerous that joinder of all of them is impracticable;

   b. There are questions of law and fact common to the Settlement Class Members that predominate over any individual questions;

   c. The claims of the Class Representatives are typical of the claims of the Settlement Class Members;

   d. The Class Representatives and Class Counsel have fairly and adequately protected the interests of all of the Settlement Class Members; and

   e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

8. The Court, having considered the relevant papers, including the Plaintiffs' Final Approval Motion, including the objection filed by Settlement Class Members, finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited

amount of any potential total recovery for Class Members if litigation continued.

9. **SETTLEMENT TERMS** – The Agreement and the proposed Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

    a. Swift will pay $5,053,500.00 into a Settlement Fund to pay Class Members, the cost of notice and administration, attorney fees and costs, and incentive awards

    b. For each Group One Class Member, the settlement shall pay each such consumer a gross amount of $50.00.

    c. For each Group Two Class Member who filed a timely claim form, the settlement shall pay each such consumer an approximate gross amount of $50.00. The gross amount will be reduced by a proportionate amount of counsel's approved fee and costs and costs of the administration of the settlement. This amount shall be calculated by the Settlement Administrator and disbursed in accordance with the Settlement Agreement.

    d. The Plaintiffs and Class Counsel have moved for an Incentive Award for Class Representative James Ellis, III in the amount of five thousand dollars ($5,000.00), for Class Representatives Dwight D. Brinson, Marlin L. Williams, Sherman M. Kier, Ernest Shipman, Tania S. Chapman, Eric S. Jones, and Eugene Marshall in the amount of one thousand dollars ($1,000.00). The Court awards Class Representative, James Ellis, III, five thousand dollars ($5,000.00) and Class Representatives Dwight D. Brinson, Marlin L. Williams, Sherman M. Kier, Ernest Shipman, Tania S. Chapman, Eric S. Jones, and Eugene Marshall one thousand dollars ($1,000.00), which amounts shall be disbursed by the Settlement Administrator on the Effective Date as defined in the Agreement.

    e. Any excess funds remaining in the Settlement Funds after all class member distributions, the payment of all attorney's fees and expenses, and the payment of fees and costs of Settlement administration have been made in accordance with the Agreement shall be donated equally to the two *cy pres* entities as agreed by the parties, in this case, U.S. PIRG and Fresh Start Women's Foundation.

    f. Class Counsel has moved for an award of attorney's fees, costs and expenses in the amount of one million five hundred sixteen thousand fifty

dollars ($1,516,050.00) from the Settlement Funds, which constitutes 30% of the total Settlement amount. The Court finds that Class Counsel's requested award of attorney's fees, costs, and expenses is fair and reasonable under Fourth Circuit standards, and the Court awards the amount of $ 1,516,050.00 as attorney's fees, costs, and expenses. The Court directs the Class Administrator to disburse this amount to Class Counsel within five days after the Effective Date as defined in the Agreement.

10. **OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the Settlement. One objection was timely filed and dealt with the scope of the release (Doc. 48). The objection was cured by the filing of a Stipulation. The Court therefore will not consider this objection.

Fifty five (55) Class Members made valid and timely requests for exclusion and are excluded from the Settlement Class and Settlement and are not bound by this Final Order and Judgment. The identities of such persons are set forth in Exhibit A attached hereto.

11. This Final Order and Judgment is binding on all Class Members, except those individuals identified in Exhibit A hereto (who validly and timely excluded themselves from the class).

12. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against the Released Defendant, as set forth in the Agreement. Pursuant to the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment.

13. This Final Order and Judgment hereby dismisses the Lawsuit, in its entirety, with prejudice.

14. This Final Order and Judgment is not, and shall not be construed as, an admission by Swift of any liability or wrongdoing in this or in any other proceeding.

15. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Final Order and Judgment.

16. Should the Settlement not become effective in accordance with its terms, this Final Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

It is so ORDERED.

/s/ [signature]
John A. Gibney, Jr.
United States District Judge

John A. Gibney, Jr.
United States District Judge

Dated: 10/7/14